UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Undetermined quantities of an article of food, cheese, labeled in part, ESTRELLA FAMILY CREAMERY (Red Darla), et al.,<br><br>Defendants. | CASE NO. C10-5772BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND TO JOIN ADDITIONAL DEFENDANTS |

This matter comes before the Court on Plaintiff United States of America's (the "Government") motion for leave to amend the complaint to join additional defendants (Dkt. 19). The Court has considered the pleadings filed in support of, and in opposition to, the motion, and the remainder of the file, and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 21, 2010, the Government filed a complaint for forfeiture in rem to condemn and forfeit the Defendant in rem, articles of food which "were adulterated under

the Federal Food, Drug, and Cosmetic Act ("FDCA" or the "Act"), 21 U.S.C. § 342(a)(4), because they were prepared, packed, or held under insanitary conditions whereby they may have become contaminated with filth, or whereby they may have been rendered injurious to health." Dkt. 19 (citing Dkt. 1).  Also on October 21, 2010, the Court signed a warrant of arrest in rem authorizing the Government to "enter the premises known as Estrella Family Creamery . . . so as to locate, identify, and seize the defendant articles that are the subject of this action, and use [its] discretion and whatever means appropriate to protect and maintain said defendant articles." Dkt. 4.  The Government seized the Defendant in rem that same day.  On December 14, 2010, counsel for the Defendant in rem filed an answer to the complaint and the Estrella Family Creamery, Kelli M. Estrella, and Anthony M. Estrella (collectively, "the Estrellas") filed a verified claim for the seized property.  Dkts. 9 & 10.

On April 27, 2011, the Court granted the parties' stipulated motion to suspend case scheduling deadlines. Dkt. 15.  On August 10, 2011, the Court granted a motion, filed by counsel for Defendant in rem, to withdraw as attorney and motion for re-setting of pending deadlines to allow for transition of new counsel. Dkt. 18.

On September 30, 2011, the Government filed the instant motion for leave to amend complaint and join additional defendants. Dkt. 19.  On October 4, 2011, the Court issued an order requiring counsel for Defendant in rem to make an appearance or show cause why the Court should not enter default against Defendant in rem for failure to comply with the Court's General Rules. Dkt. 20.  On October 13, 2011, new counsel for Defendant in rem filed a notice of appearance. Dkt. 21.  On October 17, 2011, Defendant

in rem filed a response to the Government's motion for leave to amend (Dkt. 22) and on October 21, 2011, the Government replied (Dkt. 23).

## II. DISCUSSION

**A.    Rule 15(a)**

After an answer has been filed, a party may amend its pleading only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id*. "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Accordingly, leave "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). "Rule 15(a) is designed to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id*. (internal quotation marks omitted).

In this case, the Government has not previously amended its complaint and there is no evidence of bad faith. The Estrellas' opposition to the amended complaint centers on the Government's failure to join the Estrellas as parties at the outset of the case (delay and prejudice) and their belief that the proposed amendment would be futile. First, the Court concludes that Defendants' argument regarding delay lacks merit as this case is still in the early stages of litigation in that the Court has yet to even issue a case schedule. Second, there is no evidence of prejudice to the Estrellas in adding them as parties to this case as the Government could likely file a new suit for injunctive relief against them

based on the facts alleged.  Therefore, the only issue left for the Court to decide regarding an amendment under Rule 15 is whether the proposed amendment would be futile.

Courts should not grant leave to amend where amendment would be futile.  *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).  Amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Here, while an injunction *may* not be necessary to prevent "significant food-safety violations that led to the initial seizure action, and to guard against food safety issues in the future" in the event the Estrellas resume operations (Dkt. 23 at 2), the Court cannot fully assess this matter based on the record as developed thus far and therefore cannot conclude that a claim for injunctive relief against the Estrellas would be futile.

Therefore, the Court concludes that the Government is entitled to leave to amend its complaint under Rule 15(a).  However, when a party files a motion to amend to join a party, the joinder must also satisfy the requirements of Rule 20(a)(2) of the Federal Rules of Civil Procedure.  *See* 4 James Wm. Moore et al., Moore's Federal Practice § 20.02 (3d ed. 1999) (stating that a plaintiff, in seeking to join additional parties, "must seek leave to amend [and] Plaintiff has the burden of demonstrating that the proposed restructuring of the litigation satisfies both requirements of the permissive party joinder rule").

**B.    Rule 20(a)**

Rule 20(a) of the Federal Rules of Civil Procedure provides for the permissive joinder of plaintiffs if "(A) they assert any right to relief jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

Here, the Government has established the first element under Rule 20(a) in that it asserts a right to relief against the Estrellas that arose out of the same transaction or occurrence that led to the Government's initial complaint for forfeiture in rem against the Defendant in rem. In the original complaint, the Government sought condemnation and forfeiture of certain articles of food because they were adulterated within the meaning of 21 U.S.C. § 342(a)(4). In the amended complaint, the Government seeks to add the Estrellas as parties based on evidence that they violated "21 U.S.C. § 331(a), by causing the introduction into interstate commerce articles of food that are adulterated under 21 U.S.C. § 342(a)(4)" and "21 U.S.C. § 331(k), by causing articles of food to become adulterated within the meaning of 21 U.S.C. § 342(a)(4) after shipment of their ingredients in interstate commerce." Thus, the Government is seeking to enjoin the Estrellas from producing and distributing articles of adulterate food similar to those sought for condemnation and forfeiture in the original complaint.

Next, the Government has met the second element under Rule 20 because the original complaint for forfeiture and the proposed injunctive action against the Estrellas contain common questions of law and fact, including:

> (1) whether L. mono was present at the Estrella Creamery 2 and whether such L. mono contamination rendered conditions at the facility insanitary, such that food processed, packed, or held at that facility was adulterated under 21 U.S.C. § 342(a)(4); and (2) whether the Proposed Defendants failed to comply with the current Good Manufacturing Practice

ORDER - 5

1  ("cGMP") requirements for human food, 21 C.F.R. Part 110, and whether
   such failure to comply with cGMP rendered food processed, packed, or
2  held at that facility adulterated under 21 U.S.C. § 342(a)(4).

3  Dkt. 19 at 6.

4      Accordingly, the Court concludes that the Government has met the requirements

5  under Rule 20 to allow permissive joinder of parties.

6  **III. ORDER**

7      Therefore, it is hereby **ORDERED** that the Government's motion for leave to

8  amend the complaint and join additional defendants (Dkt. 19) is **GRANTED**.

9      Dated this 1st day of December, 2011.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge