UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>UNDETERMINED QUANTITIES OF AN ARTICLE OF FOOD, CHEESE, LABELED IN PART ESTRELLA FAMILY CREAMERY (RED DARLA), et al.,<br><br>   Defendants. | CASE NO. C10-5772 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO BIFURCATE |

This matter comes before the Court on the Government's motion for summary judgment (Dkt. 32) and Defendants Anthony M. Estrella, Kelli M. Estrella, Estrella Family Creamery, LLC, a corporation, and undetermined quantities of an article of food, cheese, labeled in part ESTRELLA FAMILY CREAMERY (Red Darla) ("Defendants") motion to bifurcate liability and remedy (Dkt. 36).  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the

ORDER - 1

file and hereby grants the motion for summary judgment and denies the motion to bifurcate for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 21, 2010, the Government filed a complaint for forfeiture in rem. Dkt. 1. The Government alleged that Defendant Estella Family Creamery had shipped in interstate commerce cheese products that were contaminated with *Listeria monocytogenes* ("L. mono"), a dangerous pathogenic organism. *Id*. On that day, the Court issued a warrant for the seizure of the contaminated articles. Dkt. 4.

On January 6, 2012, the Government filed an amended complaint for forfeiture and permanent injunction. Dkt. 27. With regard to the seized products, the Government alleged that "Defendants' prior counsel represented to the government that, while the seized cheese was in the custody of this Court, and without the permission of this Court or the knowledge or supervision of FDA, Defendants fed the seized cheese to pigs." *Id*. ¶ 5.

On August 16, 2012, the Government filed a motion for summary judgment (Dkt. 32) and Defendants filed a motion to bifurcate liability and remedy (Dkt. 36). On September 3, 2012, Defendants responded. Dkt. 38. On September 4, 2012, the Government responded. Dkt. 40. On September 7, 2012, both parties replied. Dkts. 42 & 43.

## II. DISCUSSION

The remaining disputes in this case revolve around the remedies the Court should award the Government as Defendants "do not dispute or contest or challenge [the

1 Government's] right to obtain a summary judgment." Dkt. 38 at 2. Therefore, the Court
2 grants the Government's motion and will turn to the requested remedies.

3     First, the Government requests that the Court enter a condemnation order pursuant
4 to 21 U.S.C. § 334(a) and various costs pursuant to 21 U.S.C. § 334(e). Dkt. 32–2
5 ("Proposed Order"). Defendants argue that the Government is not entitled to such an
6 order because the issue is moot. The Court disagrees. Allowing Defendants to escape
7 liability by feeding the cheese to the pigs would subvert the purpose of the regulatory
8 statute. Therefore, the Court grants the condemnation order and costs. Defendants,
9 however, shall be allowed notice and an opportunity to be heard as to the requested award
10 of costs.

11     Second, the Government requests unfettered access to Defendants' business above
12 and beyond its statutory inspection powers. *See* Proposed Order, ¶ 16. Defendants argue
13 that this remedy is draconian and that it should not be granted because they intend to only
14 participate in intrastate commerce. The Court disagrees because the inspection authority
15 needed by the Government to ensure that Defendants are complying with the terms of the
16 injunction should be more extensive than the statutory authority granted the Government
17 to determine whether the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.*,
18 is, in fact, being violated. Therefore, the Court grants the Government's proposed
19 injunction.

20     The foregoing discussion on remedies renders Defendants' motion moot.

21
22

## III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion for summary judgment (Dkt. 32) is **GRANTED** and Defendants' motion to bifurcate (Dkt. 36) is **DENIED**. The Government shall file a motion for an award of costs as soon as the costs may be reasonably calculated. The Permanent Injunction shall be attached to this Order as a separate document.

Dated this 24th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge